FILED
OCT 27 2011

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| GENERAL DRIVERS AND HELPERS UNION, LOCAL 749 affiliated with the International Brotherhood of Teamsters Chauffeurs, Warehousemen and Helpers of America,, | CIV 10-4011 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| WILSON TRAILER COMPANY, an Iowa Corporation, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff General Drivers, Helpers and Truck Terminal Employees Local 120, brought an action alleging that Defendant Wilson Trailer violated the collective bargaining agreement between the parties when Wilson Trailer discharged Jeremy Cuka, a regular employee and Union member. Defendant Wilson Trailer Company has moved for summary judgment as to all claims asserted against it.

## DISCUSSION

Principles of Summary Judgment

Summary judgment shall be entered if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine dispute as to any material fact and its entitlement to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Factual Background

The Plaintiff Union represents certain employees who work at Wilson Trailer's Yankton manufacturing facility. In July, 2005, Jeremy Cuka began working at Wilson Trailer as a welder. Cuka was a Union member. Article IV of the Collective Bargaining Agreement between the Union and Wilson provides the following regarding termination of regular employees:

> 3. Regular employees may be discharged for just cause. Being under the influence of alcohol, marijuana or other controlled substances, the use, possession or sale of intoxicating liquors, marijuana, or other controlled substances (other than legally obtained prescription drugs) on the premises and physically fighting on company premises (including the parking lot and grounds) shall be considered just cause for discharge. Dishonesty, willful disobedience to any reasonable and proper instructions, or other similarly serious offenses shall be considered just cause. Employees will be given warning notices for other matters not set out above. After the third warning notice, an employee may be discharged. Warning notices will be removed from an employee's record after one year.

Although the above provision permits Wilson Trailer to discharge an employee after three warning notices within a 12- month period, the following provision under Article IV requires Wilson Trailer to first suspend the employee for up to three days, during which time the Union may advocate in favor of the suspended employee's retention:

> 4. Prior to deciding on the discharge of an employee, the Company will first suspend the employee for a period not to exceed three (3) working days. Within that period and before the Company makes its decision final a hearing may be held (if deemed necessary by the Union) at which time the Union may present any facts or other information which it wishes the Company to consider.

Another provision of Article IV of the Collective Bargaining Agreement provides:

> 5. Should there be any dispute between the Company and the Union concerning the existence of just and sufficient cause for discharge, demotion, or discipline, such dispute shall be adjusted in accordance with the grievance provisions in this agreement.

On September 16, 2008, Cuka received a written warning for an unexcused absence. That written warning was removed from Cuka's record in September of 2009. On August 4, 2009, Cuka received a second written warning for reporting to work under the influence of alcohol. On August 14, 2009, Cuka received a third written warning for being late to work without calling to

2

provide notice. Because this was Cuka's third written warning within a 12-month period, he received a 3-day suspension and was subject to discharge under the terms of the Collective Bargaining Agreement.

Cuka objected to the suspension following the August 14, 2009 warning, contending that his Supervisor was aware that he would not be into work at his regularly scheduled time on August 14, 2009, because he was at a regularly scheduled physical therapy appointment. Cuka maintained, therefore, that he was not in violation of the "no call/no show" policy. On August 18, 2009, Cuka and Union representatives met with representatives of Wilson Trailer. As a result of this meeting it was agreed that the written warning and 3-day suspension would remain in place, but that Cuka would not be discharged. On October 12, 2009, Cuka received a written warning for refusing to perform his job duties. Because this was Cuka's third written warning in less than a year, he was given a 3-day suspension and was once again subject to termination under the terms of the Collective Bargaining Agreement. Onctober 14, 2009, Wilson Trailer discharged Cuka.

On October 16, 2009, Cuka filed a grievance objecting to his termination. Cuka contended that he was having difficulty performing his job due to complications from an injured back and that Wilson Trailer should have been more cooperative in transferring Cuka to a position that would be less physically demanding, as opposed to requiring Cuka to seek assistance to complete tasks without violating work restrictions imposed by his physician. On October 30, 2009, Wilson Trailer denied the grievance. After Cuka's termination, he applied for and was denied unemployment insurance benefits. On November 2, 2009, the South Dakota Department of Labor denied Cuka's application based on its conclusion that Cuka was discharged for misconduct. Cuka unsuccessfully appealed this decision to a state administrative law judge. No appeal was taken from the administrative law judge's decision. There is no arbitration provision in the Collective Bargaining Agreement. Plaintiff, Cuka's Union, filed this action on February 10, 2010, pursuant to 29 U.S.C. § 185(a).

3

# I.
## WHETHER CUKA'S STATE ADMINISTRATIVE UNEMPLOYMENT PROCEEDINGS DECISION HAS A PRECLUSIVE EFFECT IN THIS ACTION?

The Union objects to Wilson Trailer's statements of fact referencing factual findings or legal conclusions relating to Cuka's application for unemployment benefits. Wilson Trailer argues that the existence of just cause for Cuka's termination has been established as a matter of law by the denial of Cuka's application for unemployment benefits based on the administrative determination of misconduct. Wilson Trailer also argues that the administrative law decision precludes Cuka and the Union from revisiting the issue of whether Cuka engaged in misconduct justifying his termination. As support for its position that the reliance on the administrative law proceedings is prohibited, the Union cites to S.D.C.L. § 61-7-24. This statute provides:

> No finding of fact, conclusion of law, decision or final order made by an appeals referee or the secretary of labor and regulation in any action under this chapter may be used as evidence in any separate or subsequent action or proceeding between an individual and the individual's present or former employer brought before an arbitrator, court or judge of this state or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts.

Wilson Trailer argues that Section 61-7-24 applies only when the subsequent action is "between an individual and the individual's present or former employer," and that the Union is merely a related party to Cuka, so that Section 61-7-24 does not prevent unemployment decisions from having res judicata effect in this action. Wilson Trailer further argues that even if Section 61-7-24 applies to other than an employee and employer, it would only preclude the use of a department of labor decision for evidentiary purposes and would not preclude the decision from having a res judicata impact on this action.

Congress requires federal courts to give preclusive effect to state-court judgments whenever the courts of the state from which the judgment emerged would do so. *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738). Under South Dakota law res judicata is implicated when the following four elements are present: (1) a final judgment on the merits in an earlier action; (2) the question decided in the former action is the same as the one decided in the present action; (3) the parties are the same in both actions; and (4) there was a full

4

and fair opportunity to litigate the issues in the prior proceeding. *Farmer v. South Dakota Dep't of Revenue and Regulation*, 781 N.W.2d 655, 659 (S.D. 2010).

For its position that the use of Department of Labor documents is prohibited only for evidentiary purposes, and not for res judicata, Wilson Trailer relies upon case law interpreting an earlier version of an Illinois statute which contained language[1] Wilson Trailer characterizes as similar to that in S.D.C.L. § 61-7-24. *See Bush v. Commonwealth Edison Co.*, 778 F.Supp. 1436, 1449 (N.D.Ill. 1991) (employee's retaliatory discharge claim was barred under doctrine of res judicata by determination of Illinois Department of Employment Security that employee was discharged for misconduct stemming from his habitual tardiness and absenteeism); *Colvett v. L. Karp & Sons, Inc.*, 570 N.E.2d 611, 613-14 (Ill. App. 1991)(retaliatory discharge claim barred by res judicata effect of determination of Illinois Department of Employment Security). Wilson Trailer contends that before this Illinois statute was amended to prohibit unemployment decisions from having res judicata effect,[2] the case law held that although statutory language similar to S.D.C.L. § 61-7-24 precluded the evidentiary use of information from unemployment hearings in subsequent litigation, the statute did not prevent unemployment decisions from having res judicata effect. This Court notes, however, that before the Illinois statute was amended, the

---

[1] Ill.Rev.Stat.1987, ch. 48, par. 640 provided in pertinent part:
> Except as in hereinafter provided in this Section, information obtained from any individual or employing unit pursuant to the administration of this Act shall be confidential and shall not be published or be open to public inspection, nor be used in any court in any action or proceeding other than one arising out of the provisions of this Act ."

[2] The Illinois statute was amended in pertinent part to provide:
> No finding, determination, decision, ruling or order (including any finding of fact, statement or conclusion made therein) issued pursuant to this Act shall be admissible or used in evidence in any action other than one arising out of this Act, nor shall it be binding or conclusive except as provided in this Act, nor shall it constitute res judicata, regardless of whether the actions were between the same or related parties or involved the same facts.

Ill. ST 1991 Ch. 48 Par. 640.

5

Supreme Court of Illinois rejected a plaintiff's argument that a favorable decision by the circuit court regarding his unemployment claim was res judicata so as to prohibit the defendant from asserting, in an employment breach of contract case, that plaintiff's conduct constituted just cause for defendant to terminate plaintiff's employment. *See Mitchell v. Jewel Food Stores*, 142 Ill.2d 152, 172, 568 N.E.2d 827, 836 (1990). In rejecting the plaintiff's argument the Supreme Court of Illinois reasoned that whether a plaintiff committed misconduct under the Unemployment Compensation Act is not the same question as whether a termination was based on "just cause," as set forth in the employment manual. *Id.*

Although the South Dakota Supreme Court has not yet interpreted the scope of S.D.C.L. § 61-7-24, this Court considered the application of this statute in *Cone v. Rainbow Play Systems, Inc.*, 713 F.Supp.2d 860, 869 (D.S.D. 2010). In the *Cone* case, the pro se plaintiff in an age discrimination case relied upon copies of documents from the South Dakota Department of Labor's decision awarding the plaintiff unemployment insurance benefits in requesting that this Court reject his employer's explanation for terminating the plaintiff as pretext. In declining to reject the employer's explanation for terminating the plaintiff as pretext, this Court referred to S.D.C.L. § 61-7-24 and explained:

> Even if the Court were to consider the Department of Labor documents submitted by Plaintiff, they are not enough to raise a question of fact regarding Rainbow's reasons for terminating Plaintiff. The only issue addressed by the Department of Labor was whether Plaintiff was fired for work-related "misconduct" as that term is defined for purposes of unemployment compensation benefits.

The issue before the Department of Labor was whether Cuka had engaged in misconduct as defined by S.D.C.L. § 61-6-14.1[3] so as to be denied unemployment benefits. The issue in the

---

[3]S.D.C.L. § 61-6-14.1 defines misconduct as follows for purposes of unemployment compensation:
> (1) Failure to obey orders, rules, or instructions, or failure to discharge the duties for which an individual was employed; or
> (2) Substantial disregard of the employer's interests or of the employee's duties and obligations to the employer; or
> (3) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of an employee; or

6

case at hand is whether there was just cause under the Collective Bargaining Agreement to discharge Cuka. In addition, the res judicata rule privity requirement is construed strictly to encompass parties claiming under the same title. *See Meyer v. Johnson*, 254 N.W.2d 107, 112 (S.D. 1977). Cuka's right to apply for unemployment insurance is a personal right that is based on statute; the Union's right to proceed in this action is based on its contractual rights under the collective bargaining agreement. *See, e.g., Star Pharmacy, Inc. v. Roberts*, No. 77 CIV. 2939,1977 WL 1731 (S.D.N.Y. Oct. 3,1977). Regardless of the scope of S.D.C.L. § 61-7-24, res judicata does not bar the Union's action in this case. The findings of fact, conclusions of law, decision or final order from the unemployment benefits file will not be considered for any purpose as such consideration is prohibited by the unambiguous language of S.D.C.L. § 61-7-24.

## II.
## WHETHER WILSON TRAILER HAS ESTABLISHED, AS A MATTER OF LAW, JUST CAUSE FOR CUKA'S TERMINATION?

Wilson Trailer argues that since the Union does not dispute that Cuka received three written warnings within a year, and does not dispute that, after receiving three written warnings for the second time, Cuka was subject to termination, Wilson Trailer has demonstrated just cause for Cuka's termination as a matter of law. Wilson Trailer contends that the Collective Bargaining Agreement identifies the types of conduct constituting just cause by stating that Wilson Trailer "may" discharge an employee who receives three written warnings within a year, and that based on the language of the Collective Bargaining Agreement Wilson Trailer is not required to refrain from discharging such an employee based on other factors. Wilson Trailer relies on case law outside this Circuit in contending that the only effect of the use of the word "may" in the discharge provisions of Art. IV, § 3 of the Collective Bargaining Agreement is to indicate that the sanction of discharge is permitted and within the employer's discretion. *See, e.g., Morgan Servs.,*

---

        (4) Carelessness or negligence of such degree or recurrence as to manifest equal culpability or wrongful intent.

However, mere inefficiency, unsatisfactory conduct, failure to perform as the result of inability or incapacity, a good faith error in judgment or discretion, or conduct mandated by a religious belief which belief cannot be reasonably accommodated by the employer is not misconduct.

7

*Inc. v. Local 323, Chicago and Central States Joint Bd.*, 724 F.2d 1217, 1223 (6th Cir. 1984); *Mistletoe Express Serv. v. Motor Expressman's Union*, 566 F.2d 692, 695 (10th Cir. 1977). In support of its position Wilson Trailer also relies on Article IV § 1 of the Collective bargaining Agreement which provides: "The management of the plant shall be left to the sole discretion of the Employer insofar as it does not expressly conflict with the terms and provisions herein contained."

Collective bargaining agreements are to be construed as a whole and the terms of the agreement are to be read in the context of the entire agreement. *Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union*, 284 F.3d 821, 825 (8th Cir. 2002); *Sheet Metal Workers Int'l Assoc'n v. Lozier Corp.*, 255 F.3d 549, 551 (8th Cir. 2001). Article IV, § 3 of the Collective Bargaining Agreement provides that "[r]egular employees may be discharged for just cause." Furthermore, unlike the infractions which are expressly and specifically designated in Article IV, § 3 as constituting just cause for discharge, the infractions for which employees are given warning notices under Article IV, § 3 are not expressly and specifically designated as constituting just cause for discharge. *See Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union*, 284 F.3d at 825 (Eighth Circuit noted that nothing in collective bargaining agreement stated that thirteen absences satisfied agreement's just cause requirement in case in which just cause analysis was upheld).

This Court rejects Wilson Trailer's characterization of the "may" discharge language of Article IV, § 3. The Eighth Circuit has interpreted collective bargaining agreement language that an employee "may" be discharged as "suggesting a case-by-case analysis" allowing consideration of appropriate discipline when the agreement contains no express provision that an employee will be terminated, even when the agreement contains a general management rights clause. *Trailmobile Trailer, LLC v. International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO; Local Union No. 1149*, 223 F.3d 744, 748 (8th Cir. 2000); *Waste Mgmt. of St. Louis v. United Auto., Aerospace, and Agric. Implement Workers, of America, Local Union No. 282*, No. 4:04CV00361, 2005 WL 1802410 (E.D.Mo. July 28, 2005). The Collective Bargaining Agreement in this case does not define "just cause" and instead lists specific examples in Article IV, paragraph 3. In addition, this Court cannot conclude as a matter of law on the

8

present record that just cause for discharge exists under any federal common law definition of just cause. Accordingly,

IT IS ORDERED:

1. That Defendant's Motion for Summary Judgment (Doc. 34) is denied.

2. That the final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be fourteen (14) days before trial; and the final date for the parties to file objections under Rule 26(a)(3) is seven (7) days before trial.

3. That a court trial will commence in Sioux Falls, South Dakota, on Tuesday, November 22, 2011, with counsel to be present at 9:00 A.M.

Dated this 27th day of October, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
           DEPUTY

9